## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | |
|---|---|
| TRANSPORTES CHIHUAHUA, INC. § <br> Plaintiff, § <br> § <br> V. § <br> § <br> NTEX TRANSIT, INC. § <br> Defendant. § | Case No. L-05-CV-226 |

## NOTICE OF REMOVAL

**TAKE NOTICE THAT,** pursuant to 28 U.S.C. 1441 and 1446, **NTEX TRANSIT, INC.,** (**NTEX**) removes to the United States District Court for the Southern District of Texas, Laredo Division, the action styled **TRANSPORTES CHIHUAHUA, INC., V. NTEX TRANSIT, INC.,** Cause No. 5974, 41st Judicial District, El Paso County, Texas: Removal of this action under U.S.C. 1441(a) and 1446 is proper because the Plaintiffs Original Petition does not allege actionable conduct by a Texas defendant. NTex is a North Carolina corporation and is diverse to the Plaintiff.

As further grounds for removal, NTex states as follows:

1. Plaintiff Transportes Chihuhua, Inc. caused to be served Plaintiff's Original Petition and Request for Production on Ms. Kim White, the former agent for service for the named Defendant NTex on October 6. A copy of said documents is attached as Exhibit "A".

2. Plaintiff is a resident corporation of Texas doing business in El Paso, Texas. See paragraph I Plaintiff's Original Petition.

3. Defendant NTex is a corporation organized under the laws of the State of North Carolina. Said corporation by written consent of all members, duly designated Mr. Ricardo Rodriguez a resident of Laredo, Webb County, Texas, as its dissolution agent. Mr. Ricardo Rodriguez caused to be filed on August 5, 2005, Articles of Dissolution with the

Secretary of State of the State of North Carolina, Elaine F. Marshall. A copy of articles of dissolution is attached as Exhibit "B". The Department of the Secretary of State of North Carolina has issued a certified acceptance of the articles of dissolution effective October 10, 2005. A copy of said certificate is attached as Exhibit "C".

4. Plaintiffs allege a breach of a written agreement which called for Defendant to "utilize the bus transportation services of Plaintiff for a period of four years to transport its client passengers, and to pay Plaintiff $90.00 per passenger." Plaintiff further alleges that the "defendant used the services of Plaintiff as agreed until approximately February 2005 at which time despite request and demand that Defendant utilize its services as agreed, defendant refused to continue to use Plaintiff's transportation services for its passenger clients." See paragraph II of Plaintiff's Original Petition. Plaintiffs Original Petition fails to mention that the written agreement was a performance contract for the delivery of labor workers from Laredo, Texas to the State of North Carolina, and that upon delivery, that payment would be made to Plaintiff.

5. Plaintiff's Original Petition sets out no cause of action against a non-diverse party.

6. Removal of this action to this Court is thus proper under 28 U.S.C. 1441 (a) because complete diversity of citizenship exists between the Plaintiff and NTex; NTex is not a citizen of Texas. This court would, therefore, have original jurisdiction of this matter under 28 U.S.C. 1332 had the action been brought in Federal Court originally.

7. Although the former agent for service, to wit, Ms. Kim White, has been served, proper service on Defendants duly designated agent for dissolution has not been served. The dissolution agent has managed to obtain copies of the written pleadings now on file. On November 8, 2005, the undersigned counsel gave written notice to attorney for Plaintiff,

to wit, Mr. Tony R. Conde, Jr. that proper service had not been had. The undersigned counsel offered to accept service on behalf o the Defendants duly designated dissolution agent. A copy of said written notice is attached as Exhibit "D". Moreover, the undersigned has initiated approximately 10 long distance calls to counsel for plaintiff in El Paso, Texas. Repeatedly, counsel for Plaintiff has ignored and refused to engage the undersigned counsel in any discussion so as to perfect service on Defendant.

8. This notice of removal is timely because it is filed in this Court within 30 days after the Defendant's designated agent for dissolution received a copy of the pleadings served on Kim White.

9. Promptly upon filing this Notice of Removal, Defendant shall give notice in writing to the Plaintiff and all other parties to this action and shall file a copy of this Notice of Removal with the Clerk of the 41st Judicial District Court, El Paso, County, Texas.

WHEREFORE, NTEX, Inc., as the only properly joined defendant to this action, prays that this Court assume control over this action as this is an action properly removed.

Respectfully submitted,

LAW OFFICE OF ANDRES REYES
CAPITOL CENTRE
401 E. Hillside, 2nd Floor
Laredo, Texas 78041
Tel:   (956) 712-3633
Fax:   (956) 725-4594

_____
ANDRES REYES
Attorney for Defendant NTEX
State Bar No. 16794250

## CERTIFICATE OF SERVICE

I certify that on November 17, 2005 a true and correct copy of Defendant's Notice of Removal was served by facsimile transmission on Tony R. Conde Jr. at (915) 595-2435.

_____
ANDRES REYES