# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

FILED

07 FEB -5 AM 9: 12

U.S. COURTS
SOUTHERN DISTRICT
OF TEXAS

| | | |
|---|---|---|
| TRANSPORTES CHIHUAHUA, INC. | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Case No. L-05-CV-226 |
| | § | |
| NTEX TRANSIT, INC. | § | |
| Defendant. | § | |

## RESPONSE TO PLAINTIFFS BRIEF IN SUPPORT OF
## MOTION TO DISMISS WITHOUT PREJUDICE

**NOW COMES** Defendant, NTex Transit, Inc. in the above-entitled and numbered cause, and files this Response to Plaintiffs Brief in Support of Motion To Dismiss Without Prejudice, and shows the Court:

I.

## FACTS

1.      Plaintiff Transportes Chihuahua, Inc. was a corporation doing business in the State of Texas with its principle place of business at El Paso, Texas. According to the Secretary of State for the State of Texas, Transportes Chihuahua, Inc.'s charter was forfeited for non-payment on or about August 20, 2004. A copy of said forfeiture is attached as Exhibit "A".

2.      Defendant NTEX Transit, Inc. was a corporation duly organized and formed on or about November 10, 1997 in the State of North Carolina. A copy of a certificate of incorporation issued by Ms. Elaine F. Marshall, Secretary of State for the State of North Carolina is attached as exhibit "B".

3.      Defendant NTEX Transit, Inc. filed its articles of dissolution on or about August 2, 2005. A copy of said articles of dissolution filed with the Secretary of State for the State of North Carolina is attached as exhibit "C". The document filed properly designated Mr. Ricardo Rodriguez as its managing member as it's corporate representative for any and all legal matters pertaining to the

business of Defendant, including service of process for any litigation.

4.      On or about August 25, 2005, Plaintiff Transportes Chihuahua, Inc. filed Plaintiffs Original Petition alleging breach of contract and requesting an award of damages and specific performance. Specifically, Plaintiff Transportes Chihuahua, Inc., alleged that "on or about September 4, 2002, Defendant entered into a written agreement with wherein Defendant agreed to utilize the bus transportation services of Plaintiff for a period of four years to transport its client passengers, and pay to Plaintiff $90.00 per passenger for these services. Defendant used the services of Plaintiff as agreed until approximately February 2005 at which time, despite request and demand that defendant utilize its services as agreed, Defendant refused to continue to use Plaintiffs transportation services for its passengers." The agreement was negotiated and signed in Laredo, Webb County, Texas. The agreement was a performance contract which specifically called for Plaintiff to provide transportation for H2A and H2B workers coming into the United States at the Columbia International Bridge at Laredo, Webb County, Texas to North Carolina and from North Carolina to Columbia International Bridge at Laredo, Webb County, Texas.

5.      Counsel for Plaintiff Transportes Chihuahua, Inc., caused services to be had on Ms. Kim White. Ms. Kim White informed Mr. Ricardo Rodriguez, the managing member and corporate representative for dissolution that suit had been filed and forwarded all documents to Mr. Ricardo Rodriguez.

6.      On or about November 8, 2005, Counsel for Defendant NTEX Transit, Inc. wrote to counsel for Plaintiff Transportes Chihuahua, Inc. and advised counsel for Plaintiff Transportes Chihuahua, Inc. that improper service had been had on the person formerly the agent for service. Counsel for Defendant NTEX Transit, Inc. further advised counsel for Plaintiff Transportes Chihuahua, Inc. that the managing member and corporate representative for dissolution of NTEX Transit, Inc. Mr.

Ricardo Rodriguez had authorized counsel for Defendant to accept service. Although counsel for Plaintiff Transportes Chihuahua, Inc. was aware that improper service had been had, no action was taken to correct the improper service. Notwithstanding improper service, Defendant NTEX Transit, Inc., responded to Plaintiff's suit and sought removal to federal court.

7.     On November 18, 2005, Plaintiff Transportes Chihuahua, Inc. claim was removed to federal court in the Southern District of Texas, Laredo Division. Defendant's sought removal pursuant to 28 U.S.C. 1441 (a) and 1445 and "because the Plaintiffs Original Petition does not allege actionable conduct by a Texas defendant. NTEX is a North Carolina corporation and is diverse to the Plaintiff.

As further grounds for removal, NTex states as follows:

1.     Plaintiff Transportes Chihuhua, Inc. caused to be served Plaintiff's Original Petition and Request for Production on Ms. Kim White, the former agent for service for the named Defendant NTex on October 6. A copy of said documents is attached as Exhibit "A".

2.     Plaintiff is a resident corporation of Texas doing business in El Paso, Texas. See paragraph I Plaintiff's Original Petition.

3.     Defendant NTex is a corporation organized under the laws of the State of North Carolina. Said corporation by written consent of all members, duly designated Mr. Ricardo Rodriguez a resident of Laredo, Webb County, Texas, as its dissolution agent. Mr. Ricardo Rodriguez caused to be filed on August 5, 2005, Articles of Dissolution with the Secretary of State of the State of North Carolina, Elaine F. Marshall. A copy of articles of dissolution is attached as Exhibit "B". The Department of the Secretary of State of North Carolina has issued a certified acceptance of the articles of dissolution effective October 10, 2005. A copy of said certificate is attached as Exhibit "C".

4.     Plaintiffs allege a breach of a written agreement which called for Defendant to "utilize

the bus transportation services of Plaintiff for a period of four years to transport its client passengers, and to pay Plaintiff $90.00 per passenger." Plaintiff further alleges that the "defendant used the services of Plaintiff as agreed until approximately February 2005 at which time despite request and demand that Defendant utilize its services as agreed, defendant refused to continue to use Plaintiff's transportation services for its passenger clients." See paragraph II of Plaintiff's Original Petition. Plaintiffs Original Petition fails to mention that the written agreement was a performance contract for the delivery of labor workers from Laredo, Texas to the State of North Carolina, and that upon delivery, that payment would be made to Plaintiff.

5.    Plaintiff's Original Petition sets out no cause of action against a non-diverse party.

6.    Removal of this action to this Court is thus proper under 28 U.S.C. 1441 (a) because complete diversity of citizenship exists between the Plaintiff and NTex; NTex is not a citizen of Texas. This court would, therefore, have original jurisdiction of this matter under 28 U.S.C. 1332 had the action been brought in Federal Court originally.

7.    Although the former agent for service, to wit, Ms. Kim White, has been served, proper service on Defendants duly designated agent for dissolution has not been served. The dissolution agent has managed to obtain copies of the written pleadings now on file. On November 8, 2005, the undersigned counsel gave written notice to attorney for Plaintiff, to wit, Mr. Tony R. Conde, Jr. that proper service had not been had. The undersigned counsel offered to accept service on behalf o the Defendants duly designated dissolution agent. A copy of said written notice is attached as Exhibit "D". Moreover, the undersigned has initiated approximately 10 long distance calls to counsel for plaintiff in El Paso, Texas. Repeatedly, counsel for Plaintiff has ignored and refused to engage the

undersigned counsel in any discussion so as to perfect service on Defendant.

8.  This notice of removal is timely because it is filed in this Court within 30 days after the Defendant's designated agent for dissolution received a copy of the pleadings served on Kim White.

9.  Promptly upon filing this Notice of Removal, Defendant shall give notice in writing to the Plaintiff and all other parties to this action and shall file a copy of this Notice of Removal with the Clerk of the 41st Judicial District Court, El Paso, County, Texas."

8.  On January 4, 2006 an Order For Conference was served on all counsel to appear for an initial pretrial and scheduling conference before the Untied States Magistrate Judge Marcel C. Notzon on Wednesday, February 14, 2006. Counsel for Defendant NTEX Transit, Inc. attempted to contact counsel for Plaintiff Transportes Chihuahua, Inc. so as to comply with rule 26 (f). Although messages were left at Plaintiff Transportes Chihuahua, Inc. counsel's office, no response was made to Counsel for Defendant's office.

9.  On February 17, 2006, the Honorable George P. Kazen, United States District Judge, entered an order directing the parties "to either file the report from their conference or explain to the court why no conference has occurred by March 16, 2006. On February 27, 2006, Counsel for Defendant wrote to Counsel for Plaintiff Transportes Chihuahua, Inc. advising of the need to have a conference so as to jointly submit a discovery plan. A copy of said letter is attached as exhibit "D". Counsel for Defendant written request was not responded to. On March 21, 2006, counsel for Defendant caused to be filed a copy of said letter with the Federal District Clerk's Office.

10. On April 4, 2006, the Honorable Diana Saldana, United States Magistrate Judge entered an Order directing the parties to appear for a status conference on Monday, April, 17, 2006 at 2:00 p.m., noting that the court had not received a report and that it had received a letter from counsel for

# EXHIBIT "A"

# Will supplement

# EXHIBIT "B"

# STATE OF NORTH CAROLINA



### Department of The Secretary of State

To all whom these presents shall come, Greetings:

I, **ELAINE F. MARSHALL,** *Secretary of State of the State of North Carolina, do hereby certify the following and hereto attached to be a true copy of*

### ARTICLES OF ORGANIZATION
### OF
### NTEX TRANSIT, L.L.C.

*the original of which was filed in this office on the 10th day of November, 1997.*



*IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Raleigh, this 10th day of November, 1997.*

# Operating Agreement
# of
# NTEX Transit, LLC
### (A North Carolina Limited Liability Company)

**DATED: December 15, 1997**

ARTICLE I—FORMATION OF THE COMPANY ........................................ B-5
    1.1.    Formation .... ................................................ ... B-5
    1.2.    Name ....................................................... B-5
    1.3.    Registered Office and Registered Agent ............................... B-5
    1.4.    Principal Place of Business ...................................... B-5
    1.5.    Purposes and Powers ........................................... B-5
    1.6.    Term ...................................................... B-5
    1.7.    Nature of Members' Interests .................................... B-6

ARTICLE II—DEFINITIONS ....................................................... B-6
    2.1.    Definitions ................................................. B-6

ARTICLE III—MANAGEMENT OF THE COMPANY ............................... B-12
    3.1.    The Managers .............................................. B-12
    3.2.    Limitations on Power and Authority of Managers ...................... B-12
    3.3.    Compensation and Expenses ..................................... B-12
    3.4.    Indemnification ............................................. B-12
    3.5.    Limitation on Liability ........................................ B-13
    3.6.    Liability for Return of Capital Contribution ......................... B-13

ARTICLE IV—RIGHTS AND OBLIGATIONS OF MEMBERS ...................... B-13
    4.1.    Names and Addresses of Members ................................ B-13
    4.2.    No Management by Members .................................... B-13
    4.3.    Election of Managers ......................................... B-13
    4.4.    Action by Members .......................................... B-13
    4.5.    Limited Liability ............................................ B-13
    4.6.    Bankruptcy or Incapacity of a Member ............................ B-14

ARTICLE V—CAPITAL CONTRIBUTIONS AND LOANS ........................ B-14
    5.1.    Initial Capital Contributions .................................... B-14
    5.2.    Additional Funds ............................................ B-14

# OPERATING AGREEMENT

## OF

## NTEX Transit, LLC

THIS OPERATING AGREEMENT of **NTEX Transit, LLC** (the "Company"), a limited liability company organized pursuant to the North Carolina Limited Liability Company Act, is executed effective as of the date set forth on the cover page of this Agreement, by and among the Company and the persons executing this Agreement as the Members and Managers.

## ARTICLE I
## FORMATION OF THE COMPANY

**1.1.** *Formation.* The Company was formed on November 10, 1997, upon the filing with the Secretary of State of the Articles of Organization of the Company. In consideration of the mutual premises and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree that the rights and obligations of the parties and the administration and termination of the Company shall be governed by this Agreement, the Articles of Organization and the Act.

**1.2.** *Name.* The name of the Company is as set forth on the cover page of this Agreement. The Managers may change the name of the Company from time to time as they deem advisable, provided appropriate amendments to this Agreement and the Articles of Organization and necessary filings under the Act are first obtained.

**1.3.** *Registered Office and Registered Agent.* The Company's registered office within the State of North Carolina and its registered agent at such address shall be as determined from time to time by the Managers.

**1.4.** *Principal Place of Business.* The principal place of business of the Company within the State of North Carolina shall be at such place or places as the Managers may from time to time deem necessary or advisable.

**1.5.** *Purposes and Powers.*

(a)   The purpose and business of the Company shall be to engage in the purchase, development, ownership, and sale of real property and in any other lawful business for which limited liability companies may be organized under the Act.

(b)   The Company shall have any and all powers which are necessary or desirable to carry out the purposes and business of the Company, to the extent the same may be legally exercised by limited liability companies under the Act.

**1.6.** *Term.* The Company shall continue in existence until the close of the Company's business on <u>October 31, 2032</u>, as specified in the Company's Articles of Organization, unless the Company is earlier dissolved and its affairs wound up in accordance with the provisions of this Agreement or the Act.

rived an improper personal benefit; or (iii) acts or omissions occurring prior to the date this provision becomes effective. If the Act is amended to authorize further elimination of or limitations on the liability of Managers, then the liability of the Managers shall be eliminated or limited to the fullest extent permitted by the Act as so amended. Any repeal or modification of this Section shall not adversely affect the right or protection of a Manager existing at the time of such repeal or modification. The provisions of this Section 3.5 shall apply also to any Person to whom the Members have delegated management authority as provided in Section 3.1, whether or not such Person is a Manager or Member.

1.6. *Liability for Return of Capital Contribution.* The Managers shall not be liable for the return of the Capital Contributions of the Members, and upon dissolution, the Members shall look solely to the assets of the Company.

## ARTICLE IV
## RIGHTS AND OBLIGATIONS OF MEMBERS

1.1. *Names and Addresses of Members.* The names, addresses, and Membership Interests of the Members are as reflected in Schedule I attached hereto and made a part hereof, which Schedule the Company shall amend as necessary to maintain the accuracy of all information disclosed therein.

1.2. *No Management by Members.* The Members in their capacity as Members shall not take part in the management or control of the business, nor transact any business for the Company, nor shall they have power to sign for or to bind the Company.

1.3. *Election of Managers.* The Members shall have the power by the action of a Majority in Interest to elect a Person to serve as a Manager to replace any Manager no longer able to serve in such capacity due to such Manager's death, resignation, or the vote of a Majority in Interest of the Members to remove such Manager.

1.4. *Action by Members.* Any action to be taken by the Members under the Act or this Agreement may be taken (i) at a meeting of Members held on such terms, and after such notice as the Managers may establish; PROVIDED, HOWEVER, that notice of a meeting of Members must be given to all Members entitled to vote at the meeting at least five (5) days before the date of the meeting; or (ii) by written action of a Majority in Interest of the Members; PROVIDED, HOWEVER, that any action requiring the consent of all Members under this Agreement, the Act, or other applicable law taken by written action must be signed by all Members. No notice need be given of action proposed to be taken by written action, or an approval given by written action, unless specifically required by this Agreement, the Act, or other applicable law. Such written actions must be kept with the records of the Company.

1.5. *Limited Liability.* The Members shall not be required to make any contribution to the capital of the Company except as set forth in Article V, nor shall the Members in their capacity as such be bound by, or personally liable for, any expense, liability, or obligation of the Company except to the extent of their interests in the Company and the obligation to return Distributions made to them under certain circumstances as required by the Act. The Members shall be under no obligation to restore a deficit capital account upon the dissolution of the Company or the liquidation of any of their Membership Interests.

1.6. *Bankruptcy or Incapacity of a Member.* A Member shall cease to have any power as a Member or a Manager, any voting rights or rights of approval hereunder upon death, bankruptcy, insolvency, dissolution, assignment for the benefit of creditors, or legal incapacity; and each Member,

DEPARTMENT OF THE TRE  \_RY
INTERNAL REVENUE SERV  \_
MEMPHIS  TN   37501

DATE OF THIS  \_TICE:  12-17-1997
NUMBER OF TH\_  NOTICE:  CP 575 B
EMPLOYER IDENTIFICATION NUMBER:  56-2058904
FORM:  SS-4
4916820988  B

FOR ASSISTANCE CALL US AT:
1-800-829-1040

NTEX TRANSIT L L C
% CRAIG S EURY JR
104 SCALEYBARK CT
WEST END  NC   27376

OR WRITE TO THE ADDRESS
SHOWN AT THE TOP LEFT.

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER (EIN)

Thank you for your Form SS-4, Application for Employer Identification Number (EIN).  We assigned you EIN 56-2058904.  This EIN will identify your business account, tax returns, and documents, even if you have no employees.  Please keep this notice in your permanent records.

Use your complete name and EIN shown above on all federal tax forms, payments, and related correspondence.  If you use any variation in your name or EIN, it may cause a delay in processing, incorrect information in your account, or cause you to be assigned more than one EIN.

Based on the information shown on your Form SS-4, you must file the following forms(s) by the date we show.

Form 1065                              04/15/1999

If the due date has passed please complete the form and send it to us by 01-01-1998. If we don't receive the form by that date additional penalties and interest will be charged.  If you weren't in business or didn't hire employees for the tax period shown, please file the form showing that you have no liability.

If you need help in determining what your tax year is, you can get Publication 538, Accounting Periods and Methods, at your local IRS office.

If you have any questions about the forms shown or the date they are due, you may call us at 1-800-829-1040 or write to us at the address shown above.

Thank you for your cooperation.

**MANAGERS:**

_____
Craig S. Bury, Jr.

_____
Kim White

**MEMBERS:**

_____
Craig S. Bury, Jr.

_____
Kim White

_____
Richardo Rodriguez

8-13

## SCHEDULE 1

| Name and Addresses of Members | Initial Cash Contribution | Membership Interest |
|---|---|---|
| Craig S. Eury, Jr.<br>PO Box 630<br>Vass, NC  28394 | $ _0_ | 33.3% |
| Kim White<br>Scaleybark Road<br>West End, NC   27376 | $ _0_ | 33.3% |
| Richardo Rodriques<br>410 St. James Dr.<br>Laredo, TX 78041 | $ _0_ | 33.3% |

# EXHIBIT "C"

SOSID: 0442314
Date Filed: 10/10/2005 9:48:00 AM
Effective: 12/31/2004
Elaine F. Marshall
North Carolina Secretary of State
C200528300009

**State of North Carolina**
**Department of the Secretary of State**

**ARTICLES OF DISSOLUTION OF**
**LIMITED LIABILITY COMPANY**

Pursuant to §57C-6-06 of the General Statutes of North Carolina, the undersigned limited liability company hereby submits the following Articles of Dissolution for the purpose of dissolving the limited liability company.

1. The name of the limited liability company is: **NTEX Transit, L.L.C.**

2. The dates of filing of its Articles of Organization and all amendments thereto are as follows:
**November 10, 1997**

3. The reason for filing the Articles of Dissolution is : *(please check one of the following items)*

☐ The time specified in the articles of organization or the company's written operating agreement has occurred.
☐ The happening of an event specified in the company's articles of organization or their written operating agreement.
☑ The written consent of all members.
☐ The company no longer has any members.
☐ The entry of a decree of judicial dissolution under G.S. §57C-6-02.

4. The effective date (which shall be date certain) of the dissolution, as determined in accordance with N.C.G.S. §57C-6-01, is
**December 31, 2004** .

5. Attach any other information determined by the managers filing these articles.

This the **2nd** day of **August** , 20 **05**

**NTEX Transit, L.L.C.**
Name of Limited Liability Company

Signature

**Ricardo Rodriguez-Managing Member**
Type or Print Name and Title

Notes:
1. Filing fee is $30. This document must be filed with the Secretary of State.



# NORTH CAROLINA
## Department of The Secretary of State

**To all whom these presents shall come, Greetings:**

   **I, ELAINE F. MARSHALL,** Secretary of State of the State of North Carolina, do hereby certify the following and hereto attached to be a true copy of

### ARTICLES OF DISSOLUTION

### OF

### NTEX TRANSIT, L.L.C.

the original of which was filed in this office on the 10th day of October, 2005.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Raleigh, this 10th day of October, 2005

*Elaine F. Marshall*

**Secretary of State**

Document Id: C20062830000
9

**State of North Carolina**
**Department of the Secretary of State**

**ARTICLES OF DISSOLUTION OF**
**LIMITED LIABILITY COMPANY**

Pursuant to §57C-6-06 of the General Statutes of North Carolina, the undersigned limited liability company hereby submits the following Articles of Dissolution for the purpose of dissolving the limited liability company.

1. The name of the limited liability company is: **NTEX Transit, L.L.C.**

2. The dates of filing of its Articles of Organization and all amendments thereto are as follows:
**November 10, 1997**

3. The reason for filing the Articles of Dissolution is : *(please check one of the following items)*

☐ The time specified in the articles of organization or the company's written operating agreement has occurred.
☐ The happening of an event specified in the company's articles of organization or their written operating   agreement.
☑ The written consent of all members.
☐ The company no longer has any members.
☐ The entry of a decree of judicial dissolution under G.S. §57C-6-02.

4. The effective date (which shall be date certain) of the dissolution, as determined in accordance with N.C.G.S. §57C-6-01, is
**December 31, 2004**

5. Attach any other information determined by the managers filing these articles.

This the **2nd** day of **August** , 20 **05**

**NTEX Transit, L.L.C.**
Name of Limited Liability Company

Signature

**Ricardo Rodriguez-Managing Member**
Type or Print Name and Title

Notes:
1.   Filing fee is $30. This document must be filed with the Secretary of State.

CORPORATIONS DIVISION                    P.O. BOX 29622                    RALEIGH, NC 27626-0622
*(Revised January, 2002)*                                                              *(Form L-07)*

# EXHIBIT "D"



LAW OFFICES OF
# ANDRES REYES

CAPITOL CENTRE
401 E. HILLSIDE
LAREDO, TEXAS 78041
TEL: (956) 712-3633 • FAX: (956) 725-4594
E-MAIL: areyes@ldolaw.com

February 27, 2006

Tony R. Conde, Jr.
Attorney at Law
2244 Trawood, Suite 206
El Paso, Texas 79935

I am in receipt of an order dated February 17, 2006 signed by the Honorable Judge George P. Kazen United States District Judge for the Southern District of Texas Laredo Division.

As per the order we are directed to confer:

1. to consider the nature or basis of the respective claims and defenses.
2. the possibility of prompt settlement or resolution of the case.
3. to make or arrange for disclosures
4. to develop a proposal discovery plan.

We are requested to jointly arrange the conference and attempt in good faith to agree on a discovery plan. Thereafter, we are to submit to the court within 14 days after the conference a written report outlining the plan.

The court has further directed us to file the report from our conference or to explain to the court why no conference has occurred by no later than March 16, 2006.

I have attempted on several occasion to talk to you and left message with your secretary. However, we have not spoken upon receipt of the letter please call my office so we can have the conference as directed by the court.

Most Cordially,

ANDRES REYES

AR/mbc

*paragraph 4.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
ENTERED

APR - 4 2006

Michael N. Milby, Clerk
Laredo Division

TRANSPORTES CHIHUAHUA, INC.,  §
                              §
        Plaintiff             §
                              §
vs.                           §        Civil No. L-05-226
                              §
                              §
NTEX TRANSIT, INC.            §
                              §
        Defendant             §

*Ex¹. 382*

## ORDER

On February 17, 2006, the Court entered an order directing the parties to confer pursuant to Rule 26(f). The parties were further directed to file a Rule 26(f) report on or before March 16, 2006. The Court did not receive a report from the parties, but instead received a letter filing from Defendant NTEX Transit, Inc.

The parties are therefore hereby ORDERED to appear for a status conference on Monday, April 17, 2006 at 2:00 p.m., 1300 Victoria St., Courtroom 3C. Plaintiff TRANSPORTES CHIHUAHUA, INC., should be prepared to explain why it failed to comply with the Court's order.

DONE at Laredo, Texas, this 4th day of April, 2006.

_____
Diana Saldaña
United States Magistrate Judge

# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 9 2006

Michael N. Milby, Clerk
Laredo Division

| | | |
|---|---|---|
| TRANSPORTES CHIHUAHUA, INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. L-05-cv-226 |
| | § | |
| NTEX TRANSIT, INC., | § | |
| Defendant. | § | |

## ORDER

On April 17, 2006, the parties were ordered to appear for a status conference. Defendant NTEX appeared through its counsel, Andres Reyes. Plaintiff's attorney, Tony R. Conde Jr. failed to appear for the hearing. It appears that the District Clerk's office failed to notify Mr. Conde about the hearing.

Nonetheless, Rule 26(f) requires that the parties confer and file a report with the Court prior to a scheduling conference. The report has not been filed, despite Mr. Reyes' attempts to contact Mr. Conde. (Docket No. 4). The parties are therefore hereby ORDERED to file a Rule 26(f) Joint Discovery/Case Management Plan on or before May 26, 2006.

The District Clerk's office is further ORDERED to forward Mr. Conde a copy of this Order via certified mail/return receipt to 2244 Trawood, Suite 206, El Paso, Texas 79935, and via facsimile at (915) 595-2435.

DONE at Laredo, Texas, this 19th day of April, 2006.

Diana Saldaña
United States Magistrate Judge

EXHIBIT "F"



LAW OFFICES OF
# ANDRES REYES

CAPITOL CENTRE
401 E. HILLSIDE
LAREDO, TEXAS 78041
TEL: (956) 712-3633 • FAX: (956) 725-4594
E-MAIL: areyes@ldolaw.com

April 19, 2006

*Via Fax (915) 595-2435*

Mr. Tony R. Conde, Jr.
Attorney At Law
2244 Trawood, Suite 206
El Paso, Texas 79935

Re: *Civil No. L-05-226: Transportes Chihuahua, Inc. v. NTEX Transit, Inc.*

Dear Mr. Conde:

Pursuant to the Order of April 17, 2006, I am hereby sending you a copy of the Order of Conference. I am also sending you a copy of my letter of conference dated February 27, 2006 requesting that you contact my office so as to comply with the order of conference. A copy of said letter was filed amongst the records of the court.

On April 17, 2006, I appeared before the Honorable Diana Saldana, United States Magistrate Judge and I advised that I have attempted on several occasions to speak with you. I have had the opportunity to speak with Martha and she has indicated that she has made you aware of my calls. I am respectfully requesting that once you receive this letter, that you contact my office so as to comply with the orders of the court.

Most cordially,

ANDRES REYES

AR/mbc

Enclosure

Cc: Federal District Clerks
1300 Victoria St.
Laredo, Texas 78040

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X *Martha* ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery |

1. Article Addressed to:

MR. TONY CONDE, JR
ATTORNEY AT LAW
2244 TRAWOOD, SUITE 206
EL PASO, TEXAS 79935


RE: TRANSPORTES CHIHUAHUA
v. NTX TRANSIT, INC.

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

APR 2 1 2006

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7004 0550 0000 1865 7420

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT "G"

U.S. MAGISTRATE COURT
DS – SDTX
FILED

OCT 0 4 2006 ≡

Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED

OCT - 5 2006

Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TRANSPORTES CHIHUAHUA, INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. L-05-cv-226 |
| | § | |
| NTEX TRANSIT, INC., | § | |
| Defendant. | § | |

### ORDER

The parties are hereby ORDERED to attend a status conference on November 7, 2006 at 1:00 p.m. The parties should be prepared to discuss why this case has not had any activity since the Court's Order of April 19, 2006. Both parties must appear in person at 1300 Victoria, Courtroom 3C, Laredo, Texas.

It is further ORDERED that the Clerk of Court serve the parties with a copy of this Order via Certified Mail, Return Receipt Requested.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 4th day of October, 2006.

Diana Saldaña
United States Magistrate Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

Defendant. The court further ordered that the all counsel were to appear and "explain why it failed to comply with the court's order." On April 17, 2006, counsel for Defendant appeared as directed. Counsel for Plaintiff Transportes Chihuahua, Inc. did not appear and the court noted that the District Clerk's Office had failed to give notice of said hearing.

11.     On April 19, 2006, the Honorable Diana Saldana, United States Magistrate Judge entered an Order directing the parties to file a rule 26 (f) Joint Discovery/Case Management Plan no later than May 26, 2006. A copy of said order is attached as exhibit "E".

12.     On April 20, 2006, counsel for Defendant sent correspondence to Counsel for Plaintiff Transportes Chihuahua, Inc. again requesting a conference so as to comply with the order of the court. Again, no response was made to Defendant counsel's letter. A copy of said letter is attached as exhibit "F".

13.     On October 10, 2006, the Honorable Diana Saldana, United States Magistrate Judge entered an Order directing all parties to appear on November 7, 2006 for the purpose of discussing with the court why there was no compliance with the courts Order of April 19, 2006. A copy of said Order is attached as exhibit "G".

14.     On November 6, 2006, one day prior to the court ordered hearing for failure to comply with the courts Order of April 19, 2006, counsel for Plaintiff Transportes Chihuahua, Inc. filed a Motion to Dismiss without prejudice. According to Plaintiff Transportes Chihuahua, Inc. motion, Plaintiff Transportes Chihuahua, Inc. seeks dismissal because it "respresents to the Court that Plaintiff did not include all parties in the original state court filing in this case and has since refilled in state court to include all parties Defendant that are responsible to the Plaintiff and diversity of citizenship does not exist between these parties."

15.     On November 7, 2006, counsel for Defendant appeared and objected to Plaintiffs Motion to Dismiss without prejudice.

16.     Counsel for Plaintiff Transportes Chihuahua, Inc. has filed a brief in support of Motion to Dismiss Without Prejudice.   Counsel for Defendant offers this response to said motion. Simultaneously with the filing of this response, Defendant has filed it's Motion to Dismiss with prejudice.

II.

## CONTROLLING STATUTES & AUTHORITIES

### *Remand After Removal*

Pursuant to 28 U.S.C. 1447 sets out the procedure that a party affect by the removal of an action from State court must follow in order to remand the case to State Court.  According to 28 U.S.C. 1447 (c) "A motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a).

If a suit is removable when it is filed, the defendant must file the notice of removal within 30 days of receiving both the summons and a copy of the complaint.  **Murphy Bros. v. Michetti Pipe Striging, Inc.** 526 U.S. 344, 354, 119 S. Ct. 1322, 1328 (1999).  The party removing the case has the burden to establish facts showing federal jurisdiction.  **Wilson v. Republic Iron & Steel Co.**, 257 U.S> 92, 97, 42 S.Ct. 35, 37 (1921).  If the suit could have been brought in federal court based on diversity jurisdiction, e.g., the controversy is between citizens of different states, the action can be removed.  **Lincoln Prop. Co. v. Roche**, 126 S.Ct. 606, 613 (2005).

The courts strictly construe the removal statutes in favor of remand and against removal. **Basky v. Kroger Tex., LP**, 288 F.3d 208, 211 (5th Cir. 2002).  If the defendant removed the case on

grounds of diversity, the plaintiff should move to remand arguing that there is no diversity jurisdiction, e.g., defendant is a citizen of the state where the action was filed. The plaintiff must request an evidentiary hearing if plaintiff contests the propriety of the removal. If the Defendant's notice of removal was defective in any way other than for lack of subject matter jurisdiction, the plaintiff must move for remand within 30 days after the filing of the notice of removal. **Caterpillar Inc., v Lewis** 519 U.S. 61, 69, 117 S.Ct. 467, 473 (1996). If the plaintiff does not make a timely motion to remand, it waives all defects except subject-matter jurisdiction. **Patin v. Allied Signal, Inc**. 77 F.3d 782, 786, (5th Cir. 1996); **Northern Cal. Dist. Council v. Pittsburg-Des Moines Steel Co.**, 69 F.3d 1034, 1037-38 (9th Cir. 1995). If the plaintiff does not timely object to a defect in the defendant's notice of removal, it waives the defect by not seeking remand. **Coury v. Prot**, 85 F.3d 244, 252 (5th Cir. 1996). If the defendant filed a late notice of removal and the plaintiff does not object within 30 days, the plaintiff may have waived its right to remand. **Belser v. St. Paul Fire & Mar. Ins. Co.**, 965 F. 2d 5, 8 (5th Cir. 1992).

### *Joinder of ]Parties After Removal*

Pursuant to 28 U.S.C. 1447 (e) "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.

Joinder of a party after removal from State Court is controlled by rule 19, Federal Rules of Civil Procedure. Rule 19, section (a) controls the joinder of a party whose joinder will not deprive the court of jurisdiction over the subject matter. Rule 19 section (b) requires that the court make a determination if whether joinder of a party as described in 1447 (a) cannot be made (i.e., it will deprive the court of jurisdiction over the subject matter). The court should determine whether in equity and good conscience the action should proceed among the parties before it, or should be

dismissed." Rule 19, section (c) requires that the party seeking joinder assert in writing though its pleadings relief for joinder.

When a Plaintiff asks the court for leave to amend to join a diversity destroying defendant after a case is removed, the federal court may decide the additional party is not indispensable, deny joinder, and proceed with the suit, or the court may grant joinder of the additional defendant and remand the case to state court. **Mayes v. Rapoport**, 198 F.3d 457, 461-62 (4th Cir. 1999); **Cobb v. Delta Exps.**, 186 F.3d 675, 677 (5th Cir. 1999). In deciding whether to permit joinder to add a diversity destroying defendant, the court should consider (1) whether the primary purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was diligent in requesting the amendment, (3) whether the plaintiff will be prejudiced if the amendment is denied, and (4) any other factors bearing on the equities. **Ryan v. Schneider Nat'l Carriers, Inc.**, 263 F3d 816, 819 (8th Cir. 2001).

### *Dismissal of Actions*

Rule 41, Federal Rules of Civil Procedure controls all dismissal of pending actions. Rule 41 states in pertinent part, "subject to the provisions of rule 23 (e), of rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without court order (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Neither provision applies to the instant case for the reason that the Defendant has objected to such dismissal. Additionally, rule 23 (e) deals with settlement, voluntary dismissals, or compromise. Rule 66 deals with instances where a receiver has been appointed by the court. Plaintiff's only alternative is to seeks a court ordered dismissal pursuant to rule 41 (a) (2).

According to rule 41 (a) (2), "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

The court may dismiss a case for want of prosecution. **Link v. Wabash R.R.** 370 U.S. 626, 629-33, 82, S.Ct. 1386, 1388-90; **Larson v. Scott**, 157 F.3d 1030, 1031 (5th Cir. 1998). Some of the factors the court must consider before dismissing the plaintiffs suit are: 1) the extent of the plaintiffs responsibility for failure to prosecute the case. **Emerson v. Thiel Coll.**, 296 F. 3d 184, 190 (3d Cir. 2002); **Mann v. Lewis**, 108 F.3d 145, 147 (8th Cir. 1997); **Berry v Cigna/RSI Cigna**, 975 F. 2d 1188, 1191 (5th Cir. 1992); 2) Whether there is a clear record of delay. **Emerson**, 296 F.3d at 190; **Al-Torki v Kaempen**, 78 F.3d 1381, 1384 (9th Cir. 1996); 3) The risk of prejudice to the defendant. **Emerson**, 296 F. 3d at 190; **Al-Torki**, 78 F. 3d at 1384; **Berry** 975 F.2d at 1191. If there has been unreasonable delay in the prosecution of the case, it creates a rebuttable presumption of prejudice to the defendant. **In Re Eisen**, 31 F.3d 1447, 1452 (9th Cir. 1994). The plaintiff may rebut the presumption of prejudice by showing a nonfrivolous reason for the delay. **Id** at 1453. If the plaintiff satisfies its burden, the defendant must show at least some actual prejudice. Id. If the defendant show actual prejudice, the plaintiff must convince the court that the claims of prejudice are either illusory or relatively insignificant compared to the reason for the delay. **Id.**; 4) Whether the conduct was willful or in bad faith. **Emerson**, 396 F. 3d at 1990; also **Dorsey v. Scott Wetzel Servs. Inc.**, 84 F.3d 170, 171-72 (5th Cir. 1996) (contumacious conduct); **In Re Bluestein**, 68 F. 3ed at 1025 (same); 5) The courts need to manage it's docket. **Al-Torki**, 78 F.3d at 1384; 6) disposition of case on merits rather then on defaults. **Id.**; 7) Whether the court could take less drastic measures then dismissal. **Emerson** 296 F. 3d at 190; **Dorsey** , 84 F. 3d at 172; **Al-Torki**, 78 F. 3d at 1384; 8) Public interest in expeditious litigation. **Al-Torki**, 78 F. 3d at 1384; 9) the merits of the suit.

**Emerson**, 296 F. 3d at 190; and 10) Whether the court warned of possible sanctions. **In Re Bluestein**, 68 F. 3d at 1025-26.

The court may also dismiss a plaintiff's suit as a sanction for violating a court rule or order. **Degen v. U.S.**, 517 U.S. 820, 827-28, 116 S.Ct. 177, 1783-83 (1996); **Long v. Simmons**, 77 F. 3d 878, 879 (5th Cir. 1996); and **Chamorro v. Puerto Rican Cars, Inc.**, 304 F. 3d 1, 4 (1st Cir. 2002). Factors for the court to consider are: 1) plaintiff failer to comply was willful. **Hutchings v. A.G. Edwards & Sons, Inc.**, 116 F. 3d 1256, 1260, (8th Cir. 1997); 2) duration of non-compliance. **Lucas v. Miles**, 84 F. 3d 532, 535 (2d Cir. 1996); 3) plaintiff notified of possible sanctions. **Id.**; **Robson v. Hallenbeck**, 81 F. 3d 1, 3 (1st Cir. 1996); 4) Whether defendant would be prejudiced. **Lucas**, 84 F. 3d at 2; 5) need to alleviate courts docket. **Lucas v. Miles**, 84 F. 3d 532, 535 (2d Cir. 1996); 6) lesser sanctions then dismissal. **McHenry v. Renne**, 84 F. 3d 1172, 1178 (9th Cir. 1996); **Lucas**, 84 F.3d at 535; **Robson**, 81 F.3d at 2; **Long v. Simmons**, 77 F.3d 878, 880 (5th Cir. 1996); 7) plaintiff contumacious conduct. **Robson**, 81 F.3d at 2; **Long**, 77 F.3d at 880; and, 8) strength of plaintiffs case. **McHenry**, 84 F. 3d at 1179.

If a defendant files a motion to dismiss and serves it on the plaintiff, the court is not required to warn the plaintiff about the possibility of dismissal. Curtis v. Bembenek, 48 F. 3d 281, 286-88 (7th Cir. 1995); In re Eisen, 31 F. 3d 1447, 1455 (9th Cir. 1994).

III.

## ARGUMENT

Plaintiff filed its action in state court which was removed to federal court by Defendant. Removal was made pursuant to 28 U.S.C. 14411. Plaintiff could have sought remand pursuant to Pursuant to 28 U.S.C. 1447. 28 U.S.C. 1447 (c) states "A motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing

of the notice of removal under section 1446 (a). Plaintiff never sought removal. Any attack that could have been made by plaintiff on the removal was waived by Plaintiff. Plaintiff has realized that since no motion for remand was made, that this Honorable Court has jurisdiction over the parties.

Plaintiff would have this Honorable Court dismiss plaintiff's suit without prejudice to re-file Plaintiffs action. In fact, through Plaintiffs own admission in it's motion to dismiss, plaintiff represents that "Plaintiff did not include all parties in the original state court filing in this case and has since refiled in state court to include all parties Defendant that are responsible to the plaintiff and diversity of citizenship does not exist between these parties." Plaintiff submits its motion without verification or affidavits.

The subject of Plaintiff's suit is an alleged breach of contract by the only contracting party with plaintiff, i.e., NTEX Transit, Inc.; no other signatures to the contract exists. Clearly, plaintiff is engaging in forum shopping and has fraudulently sought to join another party in an attempt to destroy diversity; Plaintiff seeks to drag Defendant to El Paso, Texas State District Court. Significantly 28 U.S.C. 1447 (e) states that "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.

Joinder of a party after removal from State Court is controlled by rule 19, Federal Rules of Civil Procedure. Rule 19, section (a) controls the joinder of a party whose joinder will not deprive the court of jurisdiction over the subject matter. Rule 19 section (b) requires that the court make a determination if whether joinder of a party as described in 1447 (a) cannot be made (i.e., it will deprive the court of jurisdiction over the subject matter). The court should determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Rule 19, section (c) requires that the party seeking joinder assert in writing though its

pleadings relief for joinder.

When a Plaintiff asks the court for leave to amend to join a diversity destroying defendant after a case is removed, the federal court may decide the additional party is not indispensable, deny joinder, and proceed with the suit, or the court may grant joinder of the additional defendant and remand the case to state court. **Mayes v. Rapoport**, 198 F.3d 457, 461-62 (4th Cir. 1999); **Cobb v. Delta Exps.**, 186 F.3d 675, 677 (5th Cir. 1999). In deciding whether to permit joinder to add a diversity destroying defendant, the court should consider (1) whether the primary purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was diligent in requesting the amendment, (3) whether the plaintiff will be prejudiced if the amendment is denied, and (4) any other factors bearing on the equities. **Ryan v. Schneider Nat'l Carriers, Inc.**, 263 F3d 816, 819 (8th Cir. 2001). A review of the courts record indicates that plaintiff never sought leave of court to join a diversity destroying defendant. Without leave of court, Plaintiff admits that since the case was removed, he has "since refiled" in state court.

For the court to consider dismissal, the court is required to engage in an analysis of whether the case should be dismissed. In a case where an objection to a plaintiff's motion to dismiss without prejudice has been made, the court must conduct an adversarial hearing to determine if the case should be dismissed. From Defendants posture in the instant case, the court, simultaneously with Plantiffs motion to dismiss, should consider Defendants Motion to Dismiss With Prejudice.

In the instance, Defendant submits that the Plaintiff is guilty of want of prosecution and for failure to obey the orders of the court. Additionally, Plaintiff is guilty of totally disregarding the Federal Rules of Civil Procedure and seeks control of the case by initiating and/or filing other pleading in State court when Plaintiff is clearly aware of the case having been removed to federal court.

IV.

## OJBECTION TO PLAINTIFFS MOTION TO DISMISS WITHOUT PREJUDICE

Defendant herein files this objection to Plaintiffs Motion to Dismiss without Prejudice and request a hearing on Plaintiffs motion.

V.

## CONCLUSION

Plaintiffs motion to dismiss should be denied. Plaintiff seeks "an end around" the federal rules and seeks to forum shop in his home town. Plaintiff has engaged in conduct that is dilatory and contumacious. Defendant has contemporaneously filed it's own motion to dismiss with prejudice. Defendant's Motion to Dismiss with Prejudice should be granted.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays this Honorable Court will OVERRULE Plaintiffs Motion to Dismiss Without Prejudice, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

LAW OFFICE OF ANDRES REYES
CAPITOL CENTRE
401 E. Hillside, 2nd Floor
Laredo, Texas 78041
Tel:    (956) 712-3633
Fax:    (956) 725-4594

_____
ANDRES REYES
Attorney for Defendant NTEX
State Bar No. 16794250

## CERTIFICATE OF SERVICE

I certify that on February 2, 2007 a true and correct copy of Defendants Response to Planitiff' Brief in Support of Motion to Dismiss Without Prejudice with Order was served by facsimile transmission on TONY R. CONDE, JR. at (915) 595-2435.

_____
ANDRES REYES