O

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **TRANSPORTES CHIHUAHUA, INC.** | § | |
| | § | Civil No. L-05-226 |
| **v.** | § | |
| | § | |
| **NTEX TRANSIT, INC.** | § | |

### MEMORANDUM AND ORDER

Plaintiff Transportes Chihuahua, Inc. and Defendant Ntex Transit, Inc. bring competing motions to dismiss this case. Plaintiff seeks dismissal without prejudice under Fed.R.Civ.P. 41(a)(2), stating it has refiled the case in state court in order to include additional defendants not named in the original complaint. (Docket No. 11; Docket No. 15.) Conversely, Defendant seeks dismissal with prejudice, alleging that Plaintiff has failed to prosecute this suit, violated court orders, and violated Fed.R.Civ.P. 19 in filing its separate action in state court. (Docket No. 16; Docket No. 18 at 13.)

This case, originally filed in state court in El Paso County on August 25, 2005, was removed to this court on November 18, 2005. (Docket No. 1.)[1] An initial conference was set for February 15, 2006, but canceled after the parties failed to confer and file a report beforehand. (Docket No. 3.) This Court directed the parties to file their report or explain why they had not conferred. Defendant's letter of March 21, 2006, advised that efforts to contact Plaintiff regarding a conference were fruitless. (Docket No. 4.) Plaintiff also failed to appear at a status conference on April 17, 2006, although a docket entry reflects that Plaintiff's attorney did not receive notice of this conference.

---

[1] Parenthetically, the case was improperly removed to this division. A case must be removed to the federal district and division where the state case was pending. 28 U.S.C. § 1441(a). That venue defect was waived, however, by Plaintiff's failure to file for remand.

(Minute Entry, Apr. 17, 2006.) The parties were then ordered to file a case management plan by May 26, 2006. (Docket No. 6.) A copy of this order was sent to Plaintiff via certified mail. The Court advised Defendant that, should the plan not be filed, the case would be on the verge of dismissal. Defendant mailed a letter to Plaintiff on April 19, attempting to comply with this order. (Docket No. 7.)

No further action occurred in this case until October 4, 2006, when the Court set a status conference for November 7, requiring both parties to appear in person to determine why no action had occurred in this case. (Docket No. 8.) On November 6, 2006, Plaintiff filed its motion to dismiss without prejudice (Docket No. 11), but failed to appear at the conference the next day.

Two months later, the Court invited the parties to brief whether this case should be dismissed with or without prejudice. Both parties responded, with Defendant filing its own motion to dismiss with prejudice. (Docket No. 16.)

### Defendant's Motion to Dismiss with Prejudice

#### Failure to Prosecute

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a case for failure to prosecute, either upon its own motion or that of a defendant. Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1190 (5th Cir. 1992).[2] To dismiss a case with prejudice for failure to prosecute, a court must find (1) contumacious conduct or a clear record of delay by the plaintiff, and (2) that lesser sanctions would not prompt diligent prosecution, or a record of lesser sanctions that proved

---

[2] The dismissal in Berry was for failure to file a motion for default judgment, which the court treated as a dismissal for failure to prosecute under 41(b). Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1190 (5th Cir. 1992).

futile. Id. at 1191.[3] However, dismissal with prejudice "is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way which leaves the court no choice but to deny that plaintiff its benefits." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988) (internal quotations omitted).

To warrant dismissal with prejudice, intentional delay "must be longer than just a few months," id. at 791, and the Fifth Circuit has reversed dismissals with prejudice after delays of six months, eight months, and even two years after service. Veazey v. Young's Yacht Sale and Service, Inc., 644 F.2d 475, 478 (5th Cir. 1981) (noting Fifth Circuit cases in which no action was taken after defendant answered). Similarly, the Fifth Circuit reversed dismissal with prejudice in Gray v. Fidelity Acceptance Corp., 634 F.2d 226, 227-228 (5th Cir. Unit B 1981), after a delay of ten and a half months. In Flaksa v. Little River Marine Const. Co., the Fifth Circuit reversed dismissal with prejudice in part because the action was less than a year old when it was dismissed, a delay "not so long drawn out as to indicate a desire not to prosecute." 389 F.2d 885, 889 (5th Cir. 1968). Here, Plaintiff filed its motion to dismiss less than a year after the case was removed to this court. Defendant's motion was then filed as a response.

---

[3]In affirming dismissal with prejudice, the Fifth Circuit has generally found at least one of the following aggravating factors as well: that the plaintiff, rather than his attorney, caused the delay; that the defendant incurred actual prejudice; or that intentional conduct caused the delay. Berry at 1191. Because the Court finds dismissal with prejudice inappropriate based on the absence of contumacious conduct or clear delay and the lack of sanctions, it need not address these aggravating factors.

### Failure to Comply with Court Orders

Dismissal with prejudice for failure to comply with a court order should only be imposed "if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996). In general, dismissal with prejudice is appropriate only when a plaintiff fails to comply with more than "a few" court orders or rules. See Berry at 1191 n.6 (noting several cases in which the plaintiff failed to comply with two or three court orders, but no clear record of delay or contumacious conduct was found); see also McNeal at 792 ("it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice" (quoting John v. Louisiana, 828 F.2d 1129, 1131-32 (5th Cir. 1987))). In Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1519 (5th Cir. 1985), the Fifth Circuit affirmed dismissal for want of prosecution after the plaintiff delayed prosecution by not complying with nine deadlines. The Circuit Court cited a number of cases in which no clear record of delay or contumacious conduct was found after a plaintiff failed to comply with two or three court orders or rules. Id. at 1520 n.10 (listing at least eight such cases).

In the present case, Plaintiff has failed to file a report twice, failed to file a case management plan, and failed to appear at two status conferences, all without apology or explanation. However, Plaintiff apparently did not receive notice of the April 2006 status conference. This conduct, while unprofessional on the part of the attorney, is not so egregious as to warrant that most final of sanctions, dismissal with prejudice, ending the client's opportunity to present its case.

### Lesser sanctions

Dismissal with prejudice under Rule 41(b) is appropriate only after a court has first imposed lesser sanctions, or determines that lesser sanctions would not be effective. Berry at 1191; Long at 880.

No lesser sanction has been imposed in this case, apart from a warning that failure to file a case management plan would put the case "on the verge" of dismissal. Prior warning does not always allow a court to dismiss a case with prejudice, however. In Burden v. Yates, the district court dismissed the case after the plaintiff failed to comply with three separate orders. 644 F.2d 503, 504 (5th Cir. 1981). The district court specifically warned the plaintiff that failure to comply with the third order would result in dismissal of the case. Id. Even so, the Fifth Circuit held dismissal with prejudice was inappropriate, finding that lesser sanctions should be used except in the most egregious circumstances. Id. at 505 (citing Boazman v. Economics Laboratory, Inc., 527 F.2d 210, 213 (5th Cir. 1976)). More importantly, the warning in the present case was issued to Defendant at the April 2006 conference, to which Plaintiff had no notice and was not present.

## Plaintiff's Motion to Dismiss Without Prejudice

Under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The purpose of Rule 41(a)(2) is to allow the plaintiff to voluntarily dismiss an action, provided the court agrees and no other party is prejudiced. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976). Unless the court finds that dismissal without prejudice would cause the non-moving party "plain legal prejudice," Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002), generally it should grant the motion, "absent some evidence of abuse by the movant." Id.

There is no allegation in the instant case that dismissal would strip the defendant of a defense, one example of plain legal prejudice. See id. at 318 (finding sufficient plain legal prejudice to deny a 41(a)(2) motion to dismiss where dismissal might allow a plaintiff to avoid a statute of limitations defense by filing in another jurisdiction). Nor is this case at a late stage in the litigation. See Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990); Davis v. Huskipower Outdoor Equipment Corp., 936 F.2d 193, 199 (5th Cir. 1991).

The state court case Defendant faces also is not a source of prejudice. The Fifth Circuit has made it clear that "the mere prospect of a second lawsuit" does not constitute plain legal prejudice. Elbaor at 317; see also Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967) ("[D]ismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby.") (quoted in LeCompte at 604) (accord Manshack at 174).

Defendant claims to have been "prejudiced to a high degree" by Plaintiff's failure to respond to court orders, appear at conferences, and properly join other defendants in this case instead of refiling in state court. (Docket No. 16 at 1-2.) Defendant fails to cite any case law showing that these factors are considered plain legal prejudice, and the Court has found none.

### Fees

Although there is no finding of plain legal prejudice, "[e]vidence of expense incurred can of course support a discretionary award of fees and costs." Elbaor at 317 n.3. Rule 41(a)(2) dismissals often have as a condition payment of fees and costs or other terms designed to reduce the inconvenience to the defendant. LeCompte at 603; see also American Cyanamid Co. v. McGhee,

317 F.2d 295, 298 (5th Cir. 1963). These conditions are designed to protect the position of the defendant and make sure he is not affected unfairly. <u>LeCompte</u> at 604.

### **Conclusion**

In this case, Attorney Conde's inexplicable conduct of ignoring repeated requests by Defendant's attorney to discuss preparation of a scheduling order and his ignoring Court orders of February 17, April 19, and October 14 of 2006, have caused a needless waste of time for the Court and opposing counsel. Accordingly, the Court finds that, pursuant to Rule 41(a)(2), a proper condition for allowing a dismissal without prejudice is that the Plaintiff's attorney, Tony R. Conde, Jr., is now ORDERED to pay to defendant's attorney the sum of $1,000.00 no later than June 15, 2007. If he does so, the case will be dismissed without prejudice. Otherwise, both motions to dismiss will be denied and Plaintiff will be expected to diligently prosecute this case in this Court or risk further sanctions, as appropriate.

DONE in Laredo, Texas, this the 31st day of May, 2007.

_____
George P. Kazen
United States District Judge